IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VINCENT JIMENEZ,

    Plaintiff,

    v.                                                       CIV. No.09-1081 JP/ACT

OFFICER MARK A. ARAGON, THE TOWN
OF BERNALILLO, THE TOWN OF BERNALILLO
POLICE DEPARTMENT, AND
JOHN DOES 1-5.

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on the following motions: (1) Plaintiff Vincent Jimenez's Motion to Compel Discovery filed August 19, 2010 [Doc. 42], (2) Defendants' Motion to Limit Discovery as it Relates to Plaintiff's Inquiry into any Complaints and Disciplinary Action Taken Against Defendant Mark Aragon filed August 24, 2010 ("Motion to Limit Discovery") [Doc. 43], and Plaintiff's Second Motion to Compel Discovery filed September 21, 2010 [Doc. 58]. The three motions are related as discussed below, and all three motions will be addressed in this Memorandum Opinion and Order.

A.  Background.

    1.  On May 18, 2010 Plaintiff propounded his first Request for Production to Defendants. [Doc. 43-1, Defendants' Motion to Limit Discovery.]

    2.  On July 9, 2010, Defendants filed their Answers and Objections to Plaintiff's First Request for Production. [Doc. 43-2, Defendants' Motion to Limit Discovery.]

3. On August 3, 2010, Plaintiff took the deposition of Officer Aragon. Counsel for Defendants objected to the following questions and instructed Officer Aragon not to answer.

> Q: Okay. Now, have there ever been complaints filed against you for any kind of misconduct while you were an employee either at APD or Bernalillo?
>
> Ms. Zifferblatt: I'm going to object to form. And I'm going to ask you to rephrase it, because his role at APD has no bearing on this case. So don't answer it until he rephrases it.
>
> Q: I'm going to ask you, starting with APD, have you ever had any complaints filed against you with APD for any kind of misconduct at all?
>
> Ms. Zifferblatt: I am going to repeat my objection and instruct you not to answer. It's not relevant to the allegations contained in this lawsuit.
>
> Q: Moving up, with Bernalillo, have you ever had any kind of complaints filed there by anyone for any kind of misconduct at all?
>
> Ms. Zifferblatt: I'm going to object –
>
> A. Yes.
>
> Ms. Zifferblatt: I am going to object. I'm going to ask you not to answer any further questions on this issue. These are not relevant to the claims asserted in your lawsuit. We have made that quite clear in our answers to interrogatories.
>
> Q: How many complaints have been filed or were filed in Bernalillo?
>
> Ms. Zifferblatt: Again, do not answer that question. I'm going to instruct you not to answer on the same grounds.

[Doc. 43-3, Defendants' Motion to Limit Discovery.]

4. On August 19, 2010, Plaintiff filed his Motion to Compel Discovery, apparently based

on Defendants' Answers and Objections to Plaintiff's First Request for Production filed on July 9, 2010.  [Doc. 42.]  However, Plaintiff did not attach copies of the discovery which was the subject of his Motion to Compel.  He asked the Court to compel production of the "complete copies of Officer Mark Aragon's personnel records, and disclosure of all misconduct accusations against the Officer, and information regarding the investigation and disposition of any complaint against Officer Mark Aragon... ." [Doc. 42.]  He also requested that the Court compel Officer Aragon to answer questions regarding the same subject matter that were posed to him during his deposition. [*Id.*]

     5.   On August 24, 2010, Defendants filed their Motion to Limit Discovery, which is separate from their Response to the Motion to Compel [Doc. 43.]  Defendants argue that Plaintiff's request for information, posed to Defendant Officer Aragon in Plaintiff's Request for Production as well as at Officer Aragon's deposition, about complaints made against Officer Aragon or any disciplinary action taken against Officer Aragon is not relevant to the claims in Plaintiff's Amended Complaint.

     6.   Defendants attached to their Motion to Limit Discovery the Plaintiff's request for production and Defendants' objections, as well as a copy of Officer Aragon's deposition testimony, all of which were the subject of Plaintiff's Motion to Compel.  The requests for production, and the Defendants' objections are set forth below.

> <u>Request for Production No. 4</u>.  The complete personnel file of Officer Mark Aragon, including disciplinary actions, if any.
>
> <u>Answer and Objection to No. 4</u>.   Defendants object to the production of Officer Aragon's personnel file on the grounds that these documents are not relevant to any claim in the Complaint, and are not likely to lead to the discovery of admissible evidence.
>
> <u>Request for Production No. 8</u>.   All reports or complaints received regarding

>Officer Mark Aragon from any source from the beginning of time to the present.
>
>Answer and Objection to No. 8.   Defendants object to the production of Officer Aragon's personnel file on the grounds that these documents are not relevant to any claim in the Complaint, and are not likely to lead to the discovery of admissible evidence.

[Doc. 43-1 and 43-2.]

    7.  On August 31, 2010, Defendants filed their Response to Plaintiff's Motion to Compel. They addressed Plaintiff's failure to comply with multiple rules in connection with his Motion to Compel. [Doc. 47.]   Plaintiff's Motion to Compel violated three of the Local Rules of Civil Procedure.  First, he did not attach copies of his discovery requests or the relevant portions of the deposition as required by D.N.M.LR-Civ. 37.1.  Second, Plaintiff did not confer with defense counsel prior to filing the Motion to Compel, nor did he state in his Motion to Compel that he made a good faith effort to do so, as required by D.N.M.LR-7.1(a). [Doc. 42 and Doc. 47 at 5.] Third, Plaintiff violated D.N.M.LR-26.6 because he failed to timely file a Motion to Compel as required after Defendants filed their objections to Plaintiff's First Request for Production on July 9, 2010. [Doc. 43-2.] Specifically, pursuant to D.N.M.LR-Civ. 26.6 Plaintiff is required to file his Motion to Compel within twenty-one (21) days and failure to do so constitutes acceptance of the objections.  In order to preserve his objections to the requests for production, Plaintiff should have filed his Motion to Compel by July 30, 2010.  He filed his Motion to Compel on August 19, 2010, well after the twenty-one days allowed by the local rules.

    8. On September 1, 2010, before he had even submitted his Reply brief in support of his Motion to Compel, Plaintiff sent Defendants a Second Set of Interrogatories and Request for Production which consisted of one interrogatory.  [Doc. 49.]  The interrogatory, and Defendants' objection is as follows.

>**INTERROGATORY NO.1:**  Please submit all misconduct accusations against you from the beginning of time to the present while employed as a police officer, information regarding the investigations and disposition of those complaints, and submit the actual complaints or documents which detail the complaints or accusations and their dispositions.
>
>**ANSWER:**  Objection.  See Defendants' Motion to Limit Discovery as it Relates to Plaintiff's Inquiry Into any Complaints and/or Disciplinary Action Taken Against Defendant Mark Aragon, Doc. 43 and Defendants' response to Plaintiff's Motion to Compel Discovery, Doc. 47.

[Doc. 51-1.]

9. On September 12, 2010, Plaintiff filed his Reply to Defendants' Response to Plaintiff's Motion to Compel wherein he argued that "the spirit of D.N.M.LR 7.1 has been substantially complied with." [Doc. 50 at p. 3.]  The Court is not impressed by Plaintiff's "explanation" for his failure to comply with D.N.M.LR 7.1.  First, there are no provisions in the Local Rules or the Federal Rules of Civil Procedure which permit parties, in lieu of following the rules, to "substantially comply" with them "in spirit." [Id. at 3 and 4.]  Second, Plaintiff had previously violated this Local Rule and his violation was pointed out to him by the Honorable James A. Parker.  Specifically, Plaintiff previously failed to ascertain whether Defendants concurred with or opposed his Motion to Amend Complaint. [*See* Doc. 30, Order entered by Judge Parker.]  Judge Parker advised the Plaintiff in no uncertain terms to be "forewarned that future violations of Local Rule 7.1(a) <u>may result in the summary denial of his motions</u>." (Emphasis added.)]

10. Plaintiff's Reply did not address his failure to attach copies of his Request for Production to his Motion to Compel as required by D.N.M.LR-Civ. 37.  He did, however, address his failure to attach the deposition testimony.  He stated that he did not attach the relevant portions of the deposition because the deposition transcript was not yet available and he

wanted to "ensure filing [the Motion to Compel] within the deadlines required by D.N.M. LR-26.6." [Doc. 50 at p. 3.] However, D.N.M. LR-26.6 does not specifically apply to disputes regarding deposition questions.  Moreover, Plaintiff's excuse that he had to file his Reply without attaching the deposition testimony in order to file within the time constraints of the Local Rule does not make sense because he filed his Motion to Compel sixteen days after Officer Aragon's deposition; D.N.M. LR-26.6 provides a party twenty-one (21) days to file a Motion to Compel.  In any case, Plaintiff made no mention of the unavailability of the deposition transcript until he filed his Reply [Doc. 50] after having been alerted to this deficiency in the Motion to Compel by counsel for Defendants.

      11.   On September 28, 2010, Plaintiff filed his Second Motion to Compel based on the discovery request sent on September 1, 2010. [Doc. 58;  *see also* ¶ 8, above.] Plaintiff appears to be attempting to take a second bite of the apple regarding the issue of complaints against Defendant Aragon after learning about the many deficiencies in his Motion to Compel from the briefing in Defendants' Response.[1]

B.   <u>Plaintiff's Motion to Compel and Plaintiff's Second Motion to Compel</u>.

      12.   The Court is concerned about Plaintiff's cavalier attitude with regard to the practice of law in federal court and the importance of adhering to the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure for the District of New Mexico.  After being

---

[1] Specifically, Plaintiff asserts that he attempted to confer with defense counsel prior to filing the Motion to Compel as required by D.N.M.LR-7.1(a) by writing to Defendants "attempting to resolve the discovery issue on a good faith basis, but the Defendants have not responded and it is assumed that they continue to object to providing the requested information and that therefore that [sic] the intervention of this court is warranted." [*Id.*] This time, Plaintiff attached a copy of his discovery request as required by D.N.M.LR-Civ. 37.1, although the version he attached did not reflect the date the discovery request was sent to Defendants.

"forewarned" by Judge Parker that future violations of the rules "may result in the summary denial of his motions" [Doc. 30], Plaintiff proceeded to file a Motion to Compel which violated three local rules.  Then, before even completing the briefing on his flawed Motion to Compel, Plaintiff proceeded to propound a second set of interrogatories and request for production which addressed the *same information* sought in the first Motion to Compel, received the undoubtedly expected objections from Defendants on the same grounds as the first discovery, and then filed a Second Motion to Compel wherein he attempted to comply with the local rules of civil procedure he violated the first time.  The Court will not countenance this flagrant disregard and misuse of the rules of civil procedure.

13.  The Court will deny Plaintiff's Motion to Compel and Plaintiff's Second Motion to Compel.  Further, the Plaintiff is forewarned that any future violations of the rules will result in sanctions, including attorney costs and fees, and/or dismissal of this lawsuit.

C. <u>Defendants' Motion to Limit Discovery as it Relates to Plaintiff's Inquiry into any Complaint and/or Disciplinary Action Taken Against Defendant Mark Aragon filed August 24, 2010 [Doc. 43]</u>.

14.  Defendants seek to preclude Plaintiff from inquiring in deposition about any complaints or disciplinary matters involving Officer Aragon on the grounds that such information is not relevant to any of the allegations contained in the Amended Complaint, nor is this information reasonably calculated to lead to the discovery of admissible evidence. [Doc. 43.]

15.  Plaintiff's Amended Complaint[2] asserts claims against Officer Aragon, the Town of

---

[2] Plaintiff has filed two different Amended Complaints.  The first Amended Complaint was filed on May 11, 2010. [Doc. 19.] The second Amended Complaint, attached to a Motion to Amend Complaint, was filed on May 31, 2010. [Doc. 25.] The Defendants filed a Response to Plaintiff's Motion to Amend Complaint [Doc. 29.] Judge Parker granted Plaintiff's Motion to Amend Complaint. [Doc. 30.]

The two Amended Complaints are identical except for paragraph 24.  In paragraph 24 of

Bernalillo, the Town of Bernalillo Police Department and John Does 1-5.  His Amended Complaint alleges two causes of action: (1) a Fourth Amendment claim under 42 U.S.C. § 1983 and the New Mexico Constitution and (2) claims under the New Mexico Tort Claims Act. [Doc. 25-1.]

      16.  Plaintiff's first cause of action alleges claims of excessive force and illegal search and seizure in violation of the Fourth Amendment as set forth below.

> Defendant illegally seized the Plaintiff when they ordered him to step out of his vehicle after he had entered the vehicle after coming from the ATM machine without reasonable suspicion.  The defendants illegally continued to seize Plaintiff when it [sic] ordered him to perform field sobriety tests and subjected him to a DWI investigation without probable cause.  Defendants used illegal and excessive force when they slammed Plaintiff into the car, and injured him after the illegal search and seizure.

[Doc. 25-1 at ¶ 22.]

      17.  Plaintiff's second cause of action alleges that Defendants violated the New Mexico Tort Claims Act based on the same facts which Plaintiff contends

> . . . constituted battery, in that the contact exerted against the Plaintiff was unlawful and an intentional touching or application of force to the person of Plaintiff, because force used was applied in a rude, insolent, or angry manner.  False imprisonment, in that the Plaintiff was intentionally Confined [sic]or retrained [sic] without his consent, when there was not lawful authority to do so.

---

the first filed Amended Complaint [Doc. 19] Plaintiff alleges "battery, false imprisonment, malicious prosecution, fraud, the tort of outrage, civil racketeering and unfair trade practice under both state of New Mexico case law, and State of New Mexico statutes." *Id.*  In paragraph 24 of the second filed Amended Complaint Plaintiff alleges "battery in that the contact exerted against the Plaintiff was unlawful and an intentional touching or application of force to the person of Plaintiff, because force used was applied in a rude, insolent, or angry manner.  False imprisonment, in that the Plaintiff was intentionally Confined [sic] or retrained [sic] without his consent, when there was not lawful authority to do so."  Because Judge Parker granted the Motion to Amend Complaint which attached the second filed Amended Complaint, it is this Amended Complaint [Doc. 25-1] which now constitutes the Amended Complaint in this lawsuit.

[Doc. 25-1 at ¶¶ 24-25.]  He also alleges that the Town of Bernalillo and the Town of Bernalillo Police Department are responsible under the theory of respondent superior for the alleged torts committed by Officer Aragon and any Defendant John Does.

19. The Federal Rules of Civil Procedure provide for broad and liberal discovery. Under Fed. R. Civ. P. 26(b), each party is entitled to obtain discovery that is "relevant to any party's claim or defense." *Id.*  Relevant information is broadly defined as information which appears reasonably calculated to lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26; *Gomez v. Martin Marietta Corp.,* 50 F.3d 1511, 1518 (10th Cir. 1995).  While this language is broad, discovery is not without limits.  Amendments to Rule 26 have narrowed the scope and boundaries of discovery.  Committee notes to the amendments observe that courts have the authority to confine discovery, where needed, and these amendments are intended to provide the Court with broader discretion to impose additional restrictions on the scope and extent of discovery.  Committee Notes to 2000 amendment to Rule 26(b)(1).  Moreover, as previously noted by this Court, "it is clear that a court may disallow a request for information that has no conceivable bearing on the claims or defenses." *Fuller v. The New Piper Aircraft, Inc.*, No. 04-414 RHS/ACT, slip op. at 7 (D.N.M. Oct. 19, 2005) [Doc. 84].

19. Plaintiff's Amended Complaint is focused on a single incident which occurred on November 11, 2006. [Doc. 25-1.]  The allegations of the Complaint simply involve the circumstances of Plaintiff's arrest.  Although the Town of Bernalillo and the Town of Bernalillo Police Department are named defendants, Plaintiff has not pled any claim for inadequate training, supervision, or retention under either federal or state law.  The only actionable claims alleged in Plaintiff's Amended Complaint involve excessive force, false arrest and imprisonment, and battery.

<u>Plaintiff's 42 U.S.C. § 1983 Claims</u>

20. Plaintiff's requests for information regarding complaints or discipline against Officer Aragon are not relevant to his 42 U.S.C. § 1983 claim brought under the Fourth Amendment as pled. First, information regarding whether Officer Aragon was ever disciplined or whether any complaints were filed against him is not relevant to whether Officer Aragon acted reasonably in detaining Plaintiff. *Terry v. Ohio*, 392 U.S. 1, 21 (1968)(reasonable suspicion that a crime is being committed is supported by "specific and articulable facts [that], taken together with rational inferences from those facts, reasonably warrant the intrusion"). Nor is this requested information relevant to issue of qualified immunity. Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *see also Pearson v. Callahan,* 129 S.Ct. 808, 822 (U.S.2009)(To determine if an officer is entitled to qualified immunity, the court must decide whether the facts that a plaintiff has alleged make out a violation of a constitutional right and whether the right at issue was "clearly established" at the time of defendant's alleged misconduct.) Finally, the requested information is not relevant to whether Officer Aragon acted reasonably <u>under</u> <u>the</u> <u>circumstances</u> in detaining the Plaintiff and arresting him. *Graham v. Connor*, 490 U.S. 386, 387 (1989)(reasonableness of particular force must be judged from the perspective of a reasonable officer *at the scene*). Under the standard of "reasonable under the circumstances," an officer's subjective state of mind is not at issue, therefore prior bad acts on the part of an individual officer is not material to proving whether he acted reasonably under the circumstances. *See Tanberg v. Sholtis*, 401 F.3d 1151, 1167 (10th Cir. 2005).

21. In order to invoke municipal liability for alleged Fourth Amendment violations, Plaintiff must plead and prove that an unconstitutional custom or policy existed, and this custom

or policy was a moving force for the alleged illegal law enforcement action. Plaintiff has made no such allegation or claim. Moreover, § 1983 liability cannot attach against a county agency based simply on *respondeat superior*. *Myers v. Okla. County Bd. Of County Comm'rs,* 151 F.3d 1313, 1318 (10th Cir. 1998).

Plaintiff's State Tort Law Claims

22. Tort claims brought against governmental agencies in New Mexico are barred unless the Legislature has waived immunity in the New Mexico Tort Claims Act, NMSA 1978 § 41-4-1 *et seq.* Police officers are immune from suit unless there is a waiver in the New Mexico Tort Claims Act ("NMTCA"). A governmental entity's immunity is waived to the extent that it is liable under the principles of *respondeat superior*. *Silva v. State*, 106 N.M. 472, 477 (1987)(to name an entity in an action under the NMTCA requires a negligent public employee who meets one of the waiver exceptions and an entity that has immediate supervisory responsibilities over the employee.)

23. Section 41-4-12 waives immunity for certain conduct by law enforcement officers. It provides:

> the immunity granted pursuant to [Section 41-4-4(A) ] does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.

A plaintiff must <u>specifically</u> <u>allege</u> one of the enumerated torts listed in the statute to overcome an officer's immunity under Section 41-4-4. *Lessen v. City of Albuquerque*, 144 N.M. 314, 320, 187 P.3d 179, 185 (Ct. App. 2008).

24. Here, Plaintiff alleges that Officer Aragon's actions constituted the following torts

for which immunity has been waived: battery, false arrest and false imprisonment. (*See* ¶ 16 and 17, above.)

25.  To prove his claim of battery, Plaintiff must demonstrate that Officer Aragon (1) intentionally touched or applied force to him, (2) acted in a rude, insolent, or angry manner, and (3) because Defendant Aragon is a police officer, that his conduct was unlawful. UJI 14-320 NMRA 2010; 6 Am. Jur.2d Assault and Battery §§ 146 and 148 (a peace officer is privileged to use such force as reasonably appears necessary to enforce the law, preserve order, and prevent the escape of prisoners.); *see also* 1 AMJUR POF 3d 613.

26.  In order to prove his claims of false arrest or false imprisonment, Plaintiff must show the following.

> False imprisonment consists of intentionally confining or restraining another person without his consent and with knowledge that he has no lawful authority to do so." NMSA 1978, § 30-4-3 (Repl.Pamp.1994). Unlawful detention has similar requirements. *See State v. Ryder*, 98 N.M. 453, 455, 649 P.2d 756, 758 (Ct.App.) (stating that court must examine detention to see if facts available to detaining officer would warrant person of reasonable caution to believe detention appropriate), *aff'd*, 98 N.M. 316, 648 P.2d 774 (1982).

*Romero v. Sanchez,* 119 N.M. 690, 693, 895 P.2d 212, 215 (1995).  Both claims require an analysis of whether Officer Aragon's actions for the incident in question were lawful and reasonable.

27.  Plaintiff's requests for information regarding complaints about or discipline against Officer Aragon on other occasions is not relevant to his state law claims of battery, false arrest or false imprisonment.  Proof of any of these tort claims requires an analysis of the reasonableness of Officer Aragon's (and any other John Does') actions under the circumstances.  If Plaintiff proves Officer Aragon committed one of these torts, the employer may be liable under the theory of *respondeat superior*.  None of Plaintiff's tort law claims depend for their proof in any way on

Officer Aragon's personnel history and employment records.

**IT IS THEREFORE ORDERED THAT** Plaintiff Vincent Jimenez's Motion to Compel [Doc. 42] and his Second Motion to Compel [Doc. 58] are DENIED.

**IT IS FURTHER ORDERED THAT** Defendants' Motion to Limit Discovery as it Relates to Plaintiff's Inquiry into any Complaints and Disciplinary Action Taken Against Defendant Mark Aragon filed August 24, 2010 ("Motion to Limit Discovery") [Doc. 43] is GRANTED.

**IT IS SO ORDERED.**

_____
**ALAN C. TORGERSON**
**United States Magistrate Judge**